1
2
3
4
5
6
7

PAUL L. REIN, Esq. (SBN 43053)
AARON M. CLEFTON, Esq. (SBN 318680)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:     510/832-5001
Facsimile:      510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
RENEE ALEKSICH

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

17

18

19

20

RENEE ALEKSICH,

        Plaintiff,

        v.

CALIFORNIA RODEO ASSOCIATION,
INC; and CITY OF SALINAS,

        Defendants.

CASE NO.
Civil Rights

COMPLAINT FOR PRELIMINARY AND
PERMANENT INJUNCTIVE RELIEF AND
DAMAGES: DENIAL OF CIVIL RIGHTS AND
ACCESS TO PUBLIC FACILITIES TO
PHYSICALLY DISABLED PERSONS, PER
FEDERAL AND CALIFORNIA STATUTES
(including CIVIL CODE §§ 51, 51.7 52, 54, 54.1,
54.3 and 55; GOVERNMENT CODE §§ 4450 *et
seq.*, and HEALTH & SAFETY CODE §§ 19953
*et seq.)*; INJUNCTIVE RELIEF PER TITLE II
and III, AMERICANS WITH DISABILITIES
ACT OF 1990 (including 42 USC §§ 12181 *et
seq.*)

DEMAND FOR JURY TRIAL

21

22

        Plaintiff Renee Aleksich complains of Defendants California Rodeo Association, Inc; and

City of Salinas and each of them, and alleges as follows:

23

24

25

26

27

28

        1.       **INTRODUCTION:** Defendants intentionally denied Plaintiff, who is disabled

due to Charcot-Marie-Tooth (CMT).  CMT causes peripheral neuropathy, fibromyalgia, and

arthritis, all of which impact her ability to walk and climb stairs, and requires that she use

assistive braces for ambulation.  Defendants' agents intentionally denied Plaintiff the use of a

designated accessible wheelchair ramp to her seat during a concert at the Salinas Sports Complex.

Defendants refused to accept her representation that she was disabled because she was not in a

1

wheelchair, and because she failed to provide "identification" that she was disabled.  This intentional denial occurred despite Plaintiff repeatedly pleading with Defendants' staff to let her through because she was disabled, even raising her pant leg to show her leg braces as evidence of her disability.  At an impasse with the staff, Plaintiff had to travel back to the front ticket booths and request that a box office representative escort her to her seat.  Worse, when she attended another event a week later, she was again denied use of the accessible path of travel for the same reasons.  She took video of this incident that depicts the second intentional denial.  Humiliated by the denial of access, Plaintiff left both events early.

2.      Plaintiff, a disabled person, suffered multiple discriminatory experiences which resulted in physical discomfort, difficulties and embarrassment at the Salinas Sports Complex located at 1034 Main Street, Salinas, California on or about July 12, 2019, and July 18, 2019. Plaintiff's discriminatory experience was caused by Defendants' inaccessible conditions and unlawful policies and practices, including refusing Plaintiff's requested accommodation of being allowed to use the accessible path of travel, i.e. the ADA ramp to assist her in accessing her seat. Plaintiff seeks to obtain legally required access improvements at the Salinas Sports Complex and compensation for the extreme humiliation she suffered as a result of her two denials of access.

3.      Plaintiff RENEE ALEKSICH is a "person with a disability" or "physically handicapped person." She is disabled due to Charcot-Marie-Tooth (CMT) which causes peripheral neuropathy, fibromyalgia, and arthritis all of which impact her ability to walk and climb stairs.  The peripheral neuropathy causes Plaintiff to suffer from foot drop, hampering her ability to walk and balance.  She wears braces, prescribed by her doctors, which help keep her foot in the proper position for walking.  Such mobility allows her to walk independently instead of requiring use of a wheelchair.  Plaintiff has been issued a California state placard for disabled parking which identifies her as disabled and entitles her to park in a properly configured disabled accessible parking space.  Plaintiff is unable to use portions of public facilities which are not accessible to mobility disabled persons, including those who have difficulty walking along distances and climbing stairs.  On or about July 12, 2019 and July 18, 2019, Plaintiff was denied her rights to full and equal access at these facilities, and was denied her civil rights under both

California law and federal law, and continues to have her rights denied, because these facilities were not, and are not now, properly accessible to physically disabled persons.  Plaintiff seeks injunctive relief to require Defendants to adopt policies which provide persons with mobility impairments with the accessibility features required under federal and state laws that mandate public accommodations be made accessible to and useable by disabled persons.  Plaintiff also seeks a court order that Defendants properly train their employees and representatives in the identification of and rights of physically disabled persons and the necessity to take all reasonable steps to accommodate their disabilities.  Plaintiff also seeks recovery of damages for her discriminatory experiences and denial of access and of civil rights, which denial is continuing as a result of Defendants' failure to provide disabled accessible facilities and to properly train their employees and agents.  Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs, under federal and state law.

4.     **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Government Code sections 4450 *et seq*.; California Health & Safety Code section 19953-19959; California Civil Code sections 51, 51.7, 52, 54, 54.1, 54.3 and 55; and Title 24, California Code of Regulations, the State Building Code.

5.     **VENUE:**  Venue is proper in this court pursuant to 28 USC § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

6.     **INTRADISTRICT:**  This case should be assigned to the San Jose intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

7.     **PARTIES:** Plaintiff is a qualified physically disabled person who has difficulty walking, balancing, and climbing stairs.  Defendants California Rodeo Association, Inc.; and City of Salinas are the owners, operators, lessors, and lessees of the businesses, properties, facilities

3

1    and/or portions thereof located at 1034 Main Street, Salinas, California, and known as the Salinas

2    Sports Complex at all times relevant to this complaint.  Defendant City of Salinas is and was the

3    owner and, on information and belief, an operator of the Salinas Sports Complex and the real

4    property on which the facility is situated.  Defendant California Rodeo Association, Inc., is and

5    was also a primary operator of the facility at all times relevant to this complaint.  All such

6    facilities constitute public accommodations subject to the requirements of California Health &

7    Safety Code sections 19953 *et seq.*, California Government Code sections 4450 *et seq.*, and of

8    California Civil Code sections 51 *et seq.* and sections 54 *et seq.*  On information and belief, these

9    facilities have, since July 1, 1970, undergone construction and/or "alterations, structural repairs,

10   or additions" subjecting such facility to disabled access requirements per California Health &

11   Safety Code sections 19953-19959 *et seq.* and sections of California Government Code

12   sections 4450 *et seq.*  Construction and alterations from 1968 – July 1, 1982 were subject to the

13   ASA or "ANSI" Regulations.  On information and belief, alterations since July 1, 1982 also

14   subjected the facilities to requirements of California's Title 24, the State Building Code, and

15   (since January 26, 1993) section 303 of the Americans With Disabilities Act of 1990 (ADA).

16   Further, said governmental entity Defendant is and was also subject to the programmatic

17   requirements of the ADA, Title II, Section 201 *et seq.*  42 U.S.C. sections 12131 *et seq.*, and all

18   were subject to the non-discrimination provisions of California's Title 24, and of the ADA, and of

19   the ADAAG and Department of Justice regulations adopted to enforce the ADA as to both

20   Defendant California Rodeo Association, Inc. and as to the governmental entity Defendant.

21        8.      Plaintiff's civil rights were violated under federal and California law, and will

22   continue to be violated until Defendants carry out their respective duties under the Rehabilitation

23   Act of 1973, Americans with Disabilities Act of 1990, including Title II and Title III, and of

24   California law, including California Government Code sections 4450 *et seq.*, and California Civil

25   Code sections 51, 51.7, 52, 54, 54.1, 54.3 and 55.  Defendants must be ordered by the Court to

26   provide adequate disabled access to allow disabled persons full and equal access to the Salinas

27   Sports Complex and its facilities.

28        9.      **GOVERNMENT CLAIM**:  On or about September 23, 2019, Plaintiff made a

1   timely claim to the City of Salinas, a government entity, which claim was deemed rejected on

2   November 7, 2019, after 45 days passed without an acceptance or rejection of Plaintiff's claim by

3   the City of Salinas.

4        10.    **FACTUAL STATEMENT**:  Plaintiff is disabled due to Charcot-Marie-Tooth

5   (CMT) which causes peripheral neuropathy, fibromyalgia, and arthritis, all of which impact her

6   ability to walk and climb stairs.  The peripheral neuropathy causes Plaintiff to suffer from foot

7   drop, hampering her ability to walk, balance and climb stairs.  She wears braces, prescribed by

8   her doctors, which help keep her feet in the proper position for walking.

9        11.    On or about July 12, 2019, Plaintiff traveled with her mother to the Salinas Sports

10  Complex in order to enjoy a Tim McGraw concert.  Plaintiff had called the box office to purchase

11  the concert tickets in advance in hopes of getting accessible seating.  Unfortunately, she was

12  informed that the "accessible" seats were sold out. Therefore, Plaintiff purchased tickets which

13  the employee working at the box office informed her were "close" to the accessible seating.

14  Plaintiff took this to mean that the path of travel to the seats would be at least partially accessible.

15       12.    Upon arriving at the Salinas Sports Complex on July 12, 2019, Plaintiff asked the

16  parking attendant if there were any accessible parking spaces left, but she was informed that they

17  were all filled.  Plaintiff's party thus parked in an available parking space and entered the area

18  where the concert was taking place.  Prior to finding their seats for the concert, Plaintiff and her

19  mother went to purchase refreshments at the beer garden area.  Plaintiff found the only way to

20  access this beer garden area, which is on a raised platform, was to climb stairs.  Her disability

21  makes climbing stairs difficult, and she finds that using ramps is a far more accessible, safe and

22  comfortable alternative to her.  Due to her foot drop, she has an increased risk of tripping while

23  climbing or descending stairs.  Additionally, Plaintiff's pain is exacerbated by climbing stairs.

24  Despite the impediments of her disability, Plaintiff was able to traverse the stairs with difficulty

25  to buy refreshments before heading to her seat.

26       13.    Plaintiff attempted to use the ramp which led to the "accessible" seating section to

27  reach her seats because she found that using the ramp part of the way would significantly

28  decrease the distance she would need to traverse and the number of stairs she would need to climb

1  in order to reach her designated seat.  However, when Plaintiff was half way up the ramp she was

2  approached by a uniformed agent of the venue.  The woman informed her that only patrons with

3  tickets for seating in the ADA section were allowed to use the ramp.  Plaintiff attempted to reason

4  with the employee by explaining that she has difficulty navigating steps due to her disability, and

5  she even showed the employee the braces she was wearing on her legs to prove her point.  The

6  employee was adamant that only patrons with ticket for seats in the "ADA" section were allowed

7  to use the ramp, and that she would let Plaintiff use the ramp only if she could show an "ID" that

8  indicated she was disabled.  Plaintiff indicated that she did not have such an ID, but she assured

9  the employee that she had disabled placard from the DMV.  The employee was not satisfied with

10 Plaintiff's explanation, and she called "security" for the apparent purpose of removing Plaintiff

11 and her mother from the area.

12       14.     A large security officer approached Plaintiff and escorted her back down the ramp

13 and walked with her to the facility's box office.  When she arrived at the box office, Plaintiff

14 explained to Defendants' employees that even though the "accessible" seating section had been

15 sold out when she called to get tickets, she was told the tickets she was purchasing were near the

16 "accessible" seats.  However, she found that she still needed to use the ramp to get to her

17 designated seat in order minimize the number of steps should would have to climb.  Plaintiff

18 again showed the braces on her legs to the employee in the box office to "prove her disability."

19 Finally, the employee from the box office agreed that she could use the accessible ramp to get

20 part way to her seat, and she escorted Plaintiff to her seat.  As they passed the employee who had

21 turned Plaintiff away from the ramp previously, that employee yelled "Behave!" at Plaintiff as

22 she passed.

23       15.     Plaintiff was extremely embarrassed and distressed by the entire situation, but she

24 found it particularly insulting to be yelled at in front of a crowd of strangers at the stadium for

25 simply trying to enforce her right to use a partially accessible path of travel to her seat.  The

26 employee's retaliating against her by loudly admonishing her added to Plaintiff's humiliation.  By

27 the time she reached her seat, Plaintiff was exhausted and in pain.  The concert was already well

28 underway.  Neither Plaintiff nor her mother were able to enjoy the concert.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

16.     After this incident, Plaintiff called the box office at the Salinas Sports Complex to complain about her treatment.  On July 14, 2019, Plaintiff spoke to "Paige" who was receptive to her criticisms of her treatment, but despite "Paige's" promise to follow-up with Plaintiff about the incident, Plaintiff was never contacted by her or any other representative of the Defendants.

17.     Despite not having heard from "Paige" after her initial call, Plaintiff felt good about their conversation and thought it might actually make a difference in the treatment of disabled patrons at the Salinas Sports Complex.  Plaintiff relied on Defendants' representative representation that the issue would be taken care so that she could return to the venue.

18.     When Plaintiff's mother received tickets to the Salinas Rodeo at the Salinas Sports Complex for July 18, 2019, Plaintiff agreed to accompany her.  Plaintiff was deterred from using the parking because of the difficulty in finding a disabled parking space at the previous event, so she and her mother decided to take an Uber to the arena rather than drive.  When they arrived at the event, Plaintiff and her mother headed to the "VIP" area because they had VIP tickets that allowed them to enter that area and consume free refreshments prior to the event.

19.     The "VIP" area was on the same raised platform where the beer garden had been during the prior incident.  Again, Plaintiff was unable to find an accessible path of travel onto the platform, so she was forced to climb the few stairs up to the platform to get to the free food and drinks that she was entitled to because of her "VIP" ticket.

20.     Once Plaintiff and her mother were finished with their refreshments, they headed towards seats in the "VIP" area.  Plaintiff knew that the "VIP" seating area was very close to and accessible by the same ramp which led to the accessible seating.  Therefore, she approached the ramp to attempt to gain access to her seat.  However, Plaintiff was stopped at the bottom of the ramp by a different agent yelling from the top of the ramp that Plaintiff could not use the ramp without an ADA ticket.  That employee then left the area, but Plaintiff heard her give instructions to an usher at the bottom of the ramp not to let her use the ramp.

21.     The usher informed Plaintiff again that it was the venue's policy not to let people use the ramp without an "ADA ticket" or an ID identifying the person as disabled.  Plaintiff again showed the usher the braces on her legs and explained her difficulty in climbing stairs, but he

7

would not let her use the ramp.  Frustrated, Plaintiff began recording her interaction with the usher and asking him if he intended to deny her access.  He told her on camera to take the issue up with the other employee, but that he would not let her pass.  The employee told Plaintiff that she could not pass through the "ADA" section because she was "*not in a wheelchair*."  He did not let Plaintiff pass.

22.     Plaintiff and her mother decided to leave the rodeo without ever going to their seats because of the embarrassing and difficult experience and the difficulties they had faced on their previous visit.

23.     All of Plaintiff's frustration, discomfort and embarrassment could have been avoided if Defendants had properly trained their employees and agents to allow disabled individuals to use the accessible path of travel as required by State and federal law, and had Defendants had a sufficient number and dispersal of accessible seats.  On information and belief there are an insufficient number and disbursal of disabled accessible seating.

24.     These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access by an amended complaint after inspection by Plaintiff's access consultant. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011).  All of these barriers to access render the premises inaccessible to physically disabled persons who are mobility impaired, such as Plaintiff, and are barriers Plaintiff may encounter when she returns to the premises, as she intended to do once Defendants modify their policies and physical premises to accommodate the need and rights of disabled persons.  All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

**FIRST CAUSE OF ACTION:**
**DISCRIMINATION VIOLATING TITLE II OF THE AMERICANS WITH DISABILITES ACT OF 1990**
*(Against Defendant City of Salinas)*

25.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 24, above, and incorporates them herein

8

by reference as if separately repled hereafter.

26.    At all times herein mentioned, Plaintiff was entitled to the protections of the "Public Services" provisions of Title II of the ADA, Subpart A, which prohibits discrimination by any public entity as defined by 42 USC section 12131.  Pursuant to 42 USC 12132, section 12132 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the "services, programs or activities" of a public entity, or be subjected to discrimination by such entity.  Plaintiff was at all times relevant herein a qualified individual with a disability for all purposes under the ADA.

27.    In violation of Title II of the ADA, Defendant City of Salinas has failed to ensure that individuals with physical disabilities such as Plaintiff are not excluded from "services, programs and activities" at the subject facilities and property.  By reason of Defendant City of Salinas' failure to remove architectural and policy barriers to access at the subject facilities so as to render them "accessible to and useable by" mobility impaired persons, despite actual notice of the inaccessible conditions, and by their policy decisions as above-described, Defendant City of Salinas has discriminated against Plaintiff in violation of Title II of the ADA and the regulations adopted to implement the ADA.  With relation to damages claimed under Title II of the ADA, each such instance of discrimination is alleged to have been intentional and/or has been created and maintained with deliberate indifference to the negative effect such actions or barriers could have upon Plaintiff and other similarly disabled persons.  Also, all such facilities constructed or altered in any way since 1968 were also altered in violation of California Government Code section 4450*ff*, regardless of whether maintenance of the facilities was intentional or not and in violation of section 12183 of the ADA for alterations after 1992.

28.    As a result of such intentional discrimination, in violation of section 12132 of the ADA, Plaintiff is entitled to the remedies, procedures and rights set forth in section 505 of the Rehabilitation Act of 1973 (29 USC 794a), as provided by section 12133 of the ADA.  All such acts and omission by this Defendant were also part of a joint venture and common enterprises with the other Defendants in this action.

29.    On information and belief, to the date of filing of this Complaint, Defendant City

9

of Salinas has failed to make the facilities and property as described herein accessible to and usable by physically disabled persons, as required by law, and has failed to adopt policies to assure disabled persons are provided full and equal access.

30.     Plaintiff requests that an injunction be ordered requiring that Defendant City of Salinas make all such facilities and properties herein described accessible to and usable by mobility impaired disabled persons, and to train their employees and agents with regard to having appropriate sensitivity to the needs of physically disabled persons, and in taking appropriate steps to accommodate their disabilities.

31.     Plaintiff requests an award of appropriate damages, and of reasonable attorneys' fees, litigation expenses, and costs, all as provided by law.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF § 504 OF THE REHABILITATION ACT OF 1973**
*(Against Defendant City of Salinas)*

32.     Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 31 of this Complaint and incorporates them herein as if separately re-pleaded.

33.     Defendant City of Salinas is a government agency existing under the laws of the State of California with responsibility for, *inter alia*, operating the property and the facilities described hereinabove.  Plaintiff is informed and believes and thereon alleges that Defendant City of Salinas has been a recipient of federal financial assistance and that part of that financial assistance was and is used to fund the construction, alteration, maintenance and operations of the subject buildings and/or of functions and activities which take place within such building.

34.     By reason of their actions or inactions in failing to make their programs, services, and activities readily accessible to disabled persons, despite actual notice, Defendant City of Salinas has acted with deliberate indifference and has intentionally discriminated against Plaintiff, thereby violating Plaintiff's rights under section 504 of the Rehabilitation Act of 1973, 29 USC section 794, and the regulations promulgated thereunder, and entitling her to an award of damages for each denial of rights.

10

35.     Plaintiff has a need to, and wishes to return to the Salinas Sports Complex complained of herein and intends to do so in the future, and can only do so when she is provided with full and equal access to these facilities.  Plaintiff has no adequate remedy at law, and unless the relief requested herein is granted, Plaintiff and other similarly disabled persons who have cause to visit or attempt to visit the Salinas Sports Complex will continue to suffer irreparable injury by the deprivation of accessible facilities at the Salinas Sports Complex.

36.     Plaintiff requests that an injunction be ordered requiring that Defendant City of Salinas make the Salinas Sports Complex herein described accessible to and usable by disabled persons and modify its policies and practices to ensure that Plaintiff and other mobility disabled persons are not denied the use of Defendant City of Salinas' facilities or denied the benefit of its "programs, services and activities" because of disability.

37.     Plaintiff requests appropriate damages, litigation expenses and costs, and reasonable attorney fees, all as provided by statute.

WHEREFORE, Plaintiff requests relief as outlined below.

### THIRD CAUSE OF ACTION:
**VIOLATION OF CALIFORNIA LAW INCLUDING CIVIL CODE §§ 54 and 54.1 GOVERNMENT CODE §§ 4450, *et seq.*, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE §§ 54(c) and 54.1(d)**
*(Against Defendant City of Salinas)*

38.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 37 of this Complaint and incorporates them herein as if separately re-pleaded.

39.     At all times relevant to this Complaint, California Civil Code section 54(a) has provided that:

(a) Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, . . . public facilities and other public places.

Emphasis added.

40.     At all times relevant to this Complaint, California Civil Code section 54.1 has provided that physically disabled persons are not to be discriminated against because of physical

11

handicap or disability in the use of a public accommodation:

> . . . [P]hysically disabled persons shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities and privileges of all common carriers, airplanes, motor vehicles. . . or any other public conveyances or modes of transportation, telephone facilities, hotels, lodging places, places of public accommodation, and amusement or resort, <u>and other places to which the general public is invited</u>, subject only to the conditions or limitations established by law, or state or other federal regulations, and applicable alike to all other persons.

Emphasis added.  The discrimination by Defendant City of Salinas against Plaintiff on the basis of her disability constitutes a violation of the general anti-discrimination provision of Civil Code sections 54 and 54.1.

41.     Plaintiff is informed and believes and therefore alleges that the specified public facility are structures or related facilities within the meaning of California Government Code sections 4450 and 4451.  Plaintiff is further informed and believes and therefore alleges that Defendant City of Salinas has constructed, altered, or repaired relevant portions of the subject public property, structure and facilities since November 13, 1968 within the meaning of Government Code sections 4450, *et seq.*, including section 4456, thereby requiring provision of access to persons with disabilities, as required by law.  The actions and omissions of Defendant City of Salinas as herein alleged constitutes a denial of access to and use of the described public facilities by physically disabled persons within the meaning of Government Code sections 4450, *et seq.*  As a proximate result of Defendant City of Salinas' action and omissions, said Defendant has discriminated against Plaintiff in violation of Government Code sections 4450, *et seq.*, and of the Title 24-2 regulations adopted to implement sections 4450ff.  Each violation of sections 4450, *et seq.* constitutes a violation of Civil Code sections 54 and 54.1.

42.     Any violation of the Americans With Disabilities Act of 1990 (as pled in the First Cause of Action) also constitutes a violation of sections 54 (c) and 54.1(d) of the California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law.  Plaintiff alleges that she has been denied such full and equal access as required by California law which incorporates Title II of the ADA, including but not limited to section 204.

43.     Plaintiff has no adequate remedy at law and, unless the relief requested herein is granted, Plaintiff and other disabled persons will continue to suffer irreparable harm as a result of Defendant City of Salinas' failure to fulfill its obligations to provide meaningful access to the subject public facilities.

44.     Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendant City of Salinas to grant full and equal access to Plaintiff in the respects complained of and to require Defendant City of Salinas to comply forthwith with the applicable statutory requirements relating to access for disabled persons.  Such injunctive relief is provided for a violation of California Government Code sections 4450, *et seq.*, for causing a denial of rights by disabled persons, by California Civil Code sections 54, *et seq.*  Civil Code section 54.3 provides that any person or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability is liable for each offense for the actual damage and any amount as may be determined by a court or jury up to a maximum of three times the amount of actual damages, and such attorney fees as may be determined by the Court in addition thereto.  Plaintiff alleges that Defendant City of Salinas failed to provide legally required access at the Salinas Sports Complex and related facilities as a violation on each specified day she attempted to access the services and facilities provided by Defendant City of Salinas, or was deterred from attempting such access and further requests that the Court award damages pursuant to Civil Code section 54.3 and attorney fees, litigation expenses and costs pursuant to Government Code sections 4450, *et seq.*, Civil Code §§ 54.3 and 55, California Code of Civil Procedure § 1021.5 and other law, all as hereinafter prayed for.

45.     **DAMAGES:**  As a result of the denial of equal access to these facilities and due to the acts and omissions of Defendant City of Salinas in owning, operating, leasing, constructing, altering and/or maintaining the subject facilities, Plaintiff has suffered multiple violations of her civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, all to her damages per Civil Code section 54.3, as hereinafter stated.  Defendant City of Salinas' actions and omissions to act constitutes discrimination against Plaintiff on the sole basis that she was and

13

1  is physically disabled and unable, because of the architectural barriers created and/or maintained

2  by Defendant City of Salinas in violation of the subject laws, and/or due to said Defendant's

3  multiple policy violations of Civil Code sections 54 and 54.1, to use this public facility on a full

4  and equal basis as other persons.

5       46.    **FEES AND COSTS:** As a result of Defendant City of Salinas' acts, omissions

6  and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as

7  provided by statute in order to enforce Plaintiff's rights and to enforce provisions of the law

8  protecting access for disabled persons and prohibiting discrimination against disabled persons.

9  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs

10  pursuant to the provisions of California Civil Code sections 54.3 and 55.  Additionally, Plaintiff's

11  lawsuit is intended to require that Defendant City of Salinas make their facilities and policies

12  accessible to all disabled members of the public, justifying "public interest" attorney fees,

13  litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure

14  section 1021.5 and other applicable law.

15       WHEREFORE, Plaintiff prays the Court grant relief as requested below.

16

17
18
19

            **FOURTH CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA GOVERNMENT CODE § 11135,**
**DISCRIMINATION UNDER PROGRAM RECEIVING**
**FINANCIAL ASSISTANCE FROM THE STATE**
*(Against Defendant City of Salinas)*

20       47.    Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

21  factual allegations contained in Paragraphs 1 through 46 of this Complaint and incorporates them

22  herein.

23       48.    On information and belief, the administration, supervision and maintenance by

24  Defendant City of Salinas of the properties, structure and facilities that are the subject of the

25  action are funded in part by the State of California.

26       49.    Defendant City of Salinas has failed to make its programs, services and activities

27  readily accessible to and useable by disabled persons in violation of California Government Code

28  sections 11135, *et seq.*  Government Code section 11135 states:

§ 11135.  Programs or activities funded by state; discrimination on basis of ethnic group identification, religion, age, sex, color, or disability; federal act; definition.

No person in the State of California shall, on the basis of ethnic group identification, religion, age, sex, color, or disability, be unlawfully denied the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is funded directly by the state or receives any financial assistance from the state.  With respect to discrimination on the basis of disability, programs and activities subject to subdivision (a) shall meet the protections and prohibitions contained in Section 202 of the Americans With Disabilities Act of 1990 (42 U.S.C. Sec. 12132), and the federal rules and regulations adopted in implementation thereof, except that if the laws of this state prescribe stronger protections and prohibitions, the programs and activities subject to subdivision (a) shall be subject to the stronger protections and prohibitions.

50.     Plaintiff has no adequate remedy at law and, unless the requested equitable relief is granted, Plaintiff and other disabled persons will suffer irreparable harm in that they will continue to be discriminated against and denied access to and accommodation within the subject facilities, and denied the benefits of the "programs, services and activities" offered to the general public. Further, Plaintiff suffered damages, as specified hereinabove, as the result of denial of her civil rights when she tried to use these facilities, or was deterred from attempting such usage, according to proof.  Because Plaintiff seeks improvement of access for similarly situated physically disabled persons, which will benefit a significant portion of the public, Plaintiff seeks attorney fees and costs pursuant to California Code of Civil Procedure section 1021.5, as to this cause of action and as to all causes of action in this complaint that seek injunctive relief.

WHEREFORE, Plaintiff requests relief as outlined below.

**FIFTH CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE §§ 51 and 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE § 51(f)**
*(Against All Defendants)*

51.     Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 50 of this Complaint, and incorporates them herein as if separately re-pleaded.

52.     At all times relevant to this complaint, California Civil Code section 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of

15

medical condition or disability, and the subject sports arena and concert venue is an entity

covered by section 51.

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Cal. Civ. C. § 51(b).

53.     Civil Code section 52 provides that the discrimination by Defendants against

Plaintiff on the basis of her disability constitutes a violation of the general anti-discrimination

provision of sections 51 and 52.  For purposes of this statute, each Defendant owned and/or

operated the property where the subject sports arena and concert venue is operated as a business

establishment.

54.      Each Defendants' discrimination constitutes a separate and distinct violation of

Civil Code § 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

55.     The actions and omissions of Defendants as herein alleged constitute a denial of

access to and use of the described public facilities by physically disabled persons within the

meaning of California Civil Code sections 51 and 52.  As a proximate result of Defendants'

actions and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code

sections 51 and 52 and are responsible for statutory, compensatory and treble damages to

Plaintiff, according to proof.

56.     Any violation of the Americans With Disabilities Act of 1990 (as pled in the First

and Seventh Causes of Action) constitutes a violation of California Civil Code section 51(f), thus

independently justifying an award of damages and injunctive relief pursuant to California law,

including Civil Code section 52.  Per California Civil Code section 51(f), "A violation of the right

of any individual under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall

16

1  also constitute a violation of this section."

2      57.     Plaintiff has no adequate remedy at law and, unless the relief requested herein is

3  granted, Plaintiff and other disabled persons will continue to suffer irreparable harm as a result of

4  Defendants' failure to fulfill their obligations to provide meaningful access to the subject public

5  facilities.

6      58.     Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any

7  continuing refusal by Defendants to grant full and equal access to Plaintiff in the respects

8  complained of and to require Defendants to comply forthwith with the applicable statutory

9  requirements relating to access for disabled persons.  Such injunctive relief is provided for a

10  violation of California Government Code sections 4450, *et seq.*, and by California Civil Code

11  sections 51, *et seq.,* and section 52.  Plaintiff alleges that Defendants failed and continue to fail to

12  provide legally required access at the subject sports arena and concert venue (and its related

13  facilities), and further requests that the Court award damages pursuant to Civil Code section 52

14  and attorney fees, litigation expenses and costs pursuant to Civil Code section 52(a), Code of

15  Civil Procedure section 1021.5, and other law, all as hereinafter prayed for.

16      59.     **DAMAGES:**  As a result of the denial of equal access to these facilities and due to

17  the acts and omissions of Defendants in owning, operating, leasing, constructing, altering and

18  maintaining the subject facilities, Plaintiff suffered multiple violations of her civil rights,

19  including but not limited to rights under Civil Code sections 51 and 52, all to her damages per

20  Civil Code section 52.  Defendants' actions and omissions to act constitute discrimination against

21  Plaintiff on the sole basis that she was and is physically disabled and unable, because of the

22  architectural and policy barriers created and/or maintained by Defendants in violation of the

23  subject laws, to use these public facilities on a full and equal basis as other persons.

24      60.     **FEES AND COSTS:**  As a result of Defendants' acts, omissions and conduct,

25  Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by

26  statute in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access

27  for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore

28  seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the

1   provisions of California Civil Code sections 52, *et seq.*  Additionally, Plaintiff's lawsuit is

2   intended to require that Defendants make their facilities and policies accessible to all disabled

3   members of the public, justifying "public interest" attorney fees, litigation expenses and costs

4   pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other

5   applicable law.

6        WHEREFORE, Plaintiff requests relief as outlined below.

7

8                              **SIXTH CAUSE OF ACTION:**
                              **DAMAGES AND INJUNCTIVE RELIEF**
9    **FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES  IN A**
                              **PUBLIC ACCOMMODATION**
10        **(California Health & Safety Code §§ 19955 *et seq.*, Civil Code §§ 54 *et seq.*)**
                     **(*Against Defendant California Rodeo Association, Inc.*)**
11

12       61.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

13   the factual allegations contained in Paragraphs 1 through 60, above, and incorporates them herein

14   by reference as if separately repled hereafter.

15       62.     Plaintiff Renee Aleksich and other similarly situated physically disabled persons,

16   including those who have difficulty walking and climbing stairs require and/or require the use of

17   assistive device, are unable to use public facilities on a "full and equal" basis unless each such

18   facility is in compliance with the provisions of California Health & Safety Code sections 19955 -

19   19959.  Plaintiff is a member of that portion of the public whose rights are protected by the

20   provisions of Health & Safety Code sections 19955 *et seq.*  Further, Plaintiff is also protected

21   against policy and architectural barrier discrimination by California Civil Code sections 54 and

22   54.1, the "Disabled Persons Act."  "Individuals with disabilities or medical conditions have the

23   same right as the general public to the full and free use of the streets, highways, sidewalks,

24   walkways, public buildings, medical facilities, including hospitals, clinics, and physicians'

25   offices, public facilities, and other public places."  Civil Code § 54(a).  Furthermore, "Individuals

26   with disabilities shall be entitled to full and equal access, as other members of the general public,

27   to accommodations, advantages, facilities, . . . places of public accommodation, amusement, or

28   resort, and other places to which the general public is invited."  Civil Code § 54.1(a).

18

Additionally, any violation of the ADA, including but not limited to any violation of 42 USC sections 12182 and 12183, is also incorporated as a violation of the Disabled Persons Act. Civil Code §§ 54(c), and 54.1(d).

63.     On information and belief, the provisions of both Health and Safety Code sections 19955 and 19955.5, apply to the subject sports arena and concert venue. Health & Safety Code sections 19955 and 19955.5 were enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code."

64.     Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out. On information and belief, Defendant California Rodeo Association, Inc. and/or its predecessors in interest carried out new construction and/or alterations, structural repairs, and/or additions to such buildings and facilities during the period Title 24 has been in effect. Further, Plaintiff alleges, on information and belief, that construction, alterations, structural repairs, and/or additions which triggered access requirements at all relevant portions of the Salinas Sports Complex, also occurred between July 1, 1970, and December 31, 1981, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code sections 4450 *et seq.* Further, on information and belief, additions to the building after the initial construction also occurred after July 1, 1970, triggering access requirements per Health and Safety Code section 19959, and as to alterations or additions after January 26, 1993, triggering ADA liability and requirements per 42 USC sections 12182 and 12183 of the ADA.

65.     Each and every violation of the Americans With Disabilities Act of 1990 also constitutes a separate and distinct violation of California Civil Code section 54(c), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code sections 54.3 and 55.

19

66.     Further, each and every violation of the Americans With Disabilities Act of 1990 also constitutes a separate and distinct violation of California Civil Code section 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code sections 54.3 and 55.

67.     **INJUNCTIVE RELIEF:**  Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendant California Rodeo Association, Inc. complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities.  Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against her on the sole basis that she is a person with mobility disabilities which cause her difficulty in walking and climbing stairs.

68.     Plaintiff would like to return to patronize the Salinas Sports Complex but is deterred from returning to use these facilities, because the lack of access will foreseeably cause her further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendant California Rodeo Association, Inc. continue, to achieve equal access to and use of these public facilities.  Therefore, Plaintiff cannot return to use the Salinas Sports Complex and its facilities and is deterred from further patronage until these facilities are made properly accessible for disabled persons, including Plaintiff and other mobility disabled persons.

69.     The acts of Defendant California Rodeo Association, Inc. have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to all inaccessible areas of the premises that she has personally encountered, and, as to all areas identified during this litigation by Plaintiff's access consultant, that she or other physically disabled persons may encounter in the future. *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA)*, *Inc.*, 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs Grocery* Co., 654 F.3d 903 (9th Cir. 2011).  As to those of the Defendants that currently own, operate, and/or lease (from or to) the subject premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices

and barriers that deny full and equal access for disabled persons, and for reasonable statutory attorney fees, litigation expenses and costs.

70.     Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendant California Rodeo Association, Inc. to grant full and equal access to Plaintiff in the ways complained of and to require Defendant California Rodeo Association, Inc. to comply forthwith with the applicable statutory requirements relating to access for disabled persons.  Such injunctive relief is provided by California Health & Safety Code section 19953 and California Civil Code section 55, California Business & Professions Code sections 17200 *et seq.*, and other law.  Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code section 19953, Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

71.     **DAMAGES:**  As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendant California Rodeo Association, Inc. in owning, operating, leasing, constructing, altering, and maintaining the subject facilities, Plaintiff has suffered a violation of her civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to her damages per Civil Code section 54.3, including general and statutory damages, and treble damages, as hereinafter stated.  Defendant California Rodeo Association, Inc.'s actions and omissions to act constitute discrimination against Plaintiff on the basis that she was and is physically disabled and unable, because of the architectural and policy barriers created and/or maintained by the Defendant California Rodeo Association, Inc., in violation of the subject laws, to use the public facilities on a full and equal basis as other persons. The violations have deterred Plaintiff from returning to attempt to patronize the Salinas Sports Complex and will continue to cause her damages each day this barrier discrimination continues.

72.     **TREBLE DAMAGES:**  Plaintiff has been damaged by Defendant California Rodeo Association, Inc.'s wrongful conduct and seeks the relief that is afforded by Civil Code sections 54, 54.1, and 54.3.  At all times herein mentioned, Defendant California Rodeo

Association, Inc., was fully aware that significant numbers of potential users of its public facilities were and are and will be physically disabled persons, including mobility-impaired persons, and would have need of facilities and policies that complied with California Title 24 and ADAAG standards for accessible facilities and policies.  Despite this knowledge, California Rodeo Association, Inc., installed and maintained the physical barriers complained of, and failed to remove these barriers, and have failed to provide properly accessible facilities and failed to properly train its staff, including but not limited to those previously noted hereinabove, as required by state and federal law.  On information and belief, Defendant California Rodeo Association, Inc., has ignored complaints about the lack of proper disabled access by Plaintiff and by other disabled persons.  Defendant California Rodeo Association, Inc., has continued its illegal and discriminatory practices and policies despite actual knowledge that persons with physical mobility disabilities may attempt to patronize the subject sports arena and concert venue and encounter illegal barriers which deny them full and equal access when they do so.

73.     At all times herein mentioned, Defendant California Rodeo Association, Inc., knew, or in the exercise of reasonable diligence should have known, that their barriers and practices at the subject facilities violated disabled access requirements and standards, and would have a discriminatory effect upon Plaintiff and upon other physically disabled persons, but Defendant California Rodeo Association, Inc., has failed to rectify the violations, and on information and belief,  presently continues a course of conduct of maintaining architectural barriers and policies that discriminate against Plaintiff and similarly situated disabled persons despite complaints from Plaintiff and other disabled persons that put California Rodeo Association, Inc., on actual notice of the discriminatory effect their policies and inaccessible facilities were having on Plaintiff and other disabled persons, and were deterring them from trying to return.  For the foregoing reasons, Plaintiff alleges that an award of statutory treble damages is appropriate.

74.     **FEES AND COSTS:**  As a result of Defendant California Rodeo Association, Inc.'s acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce

1    provisions of the law protecting access for disabled persons and prohibiting discrimination

2    against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees,

3    litigation expenses, and costs, pursuant to the provisions of Civil Code sections 54.3 and 55, and

4    California Health & Safety Code section 19953.  Additionally, Plaintiff's lawsuit is intended to

5    require that Defendant California Rodeo Association, Inc., make their facilities accessible to all

6    disabled members of the public, justifying "public interest" attorney fees, litigation expenses and

7    costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other

8    applicable law.

9            WHEREFORE, Plaintiff requests relief as outlined below.

10

11                        **SEVENTH CAUSE OF ACTION:**
**VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
12                              **(42 USC §§ 12101 *et seq.*)**
                        (***Against Defendant California Rodeo Association, Inc.***)
13

14           75.    Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein,

15    the allegations contained in Paragraphs 1 through 74 of this Complaint and incorporates them

16    herein as if separately re-pleaded.

17           76.    In 1990 the United States Congress made findings that laws were needed to more

18    fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;"

19    that "historically, society has tended to isolate and segregate individuals with disabilities;" that

20    "such forms of discrimination against individuals with disabilities continue to be a serious and

21    pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities

22    are to assure equality of opportunity, full participation, independent living, and economic self-

23    sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary

24    discrimination and prejudice denies people with disabilities the opportunity to compete on an

25    equal basis and to pursue those opportunities for which our free society is justifiably famous..."

26    42 U.S.C. §12101.

27           77.    Plaintiff is a qualified individual with a disability as defined in the Rehabilitation

28    Act and in the Americans with Disabilities Act of 1990.

78.     In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"),

Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

79.     As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*).  The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes any "motion picture house, theater, concert hall, stadium, or other place of exhibition or entertainment." 42 USC § 12181(7)(C).

80.     The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.  The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods,

24

services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendant California Rodeo Association, Inc., set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq.*

81. The removal of each of the physical barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA.  As noted hereinabove, removal of each and every one of the architectural and/or policy barriers complained of herein were already required under California law.  Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA.  In the event that removal of any physical and policy barrier is found to be "not readily achievable," Defendant California Rodeo Association, Inc., still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

82. On information and belief, as of the date of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendant California Rodeo Association, Inc.'s actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and

equal access and which discriminate against Plaintiff on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

83.    Defendant California Rodeo Association, Inc.'s actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing this sports arena and concert venue and have discriminated and continue to discriminate against her on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendant California Rodeo Association, Inc.'s goods, services, facilities, privileges, advantages and accommodations, in violation the ADA.  42 U.S.C. § 12182.

84.    Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.,* Plaintiff RENEE ALEKSICH is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of her disabilities in violation of this title or has reasonable grounds for believing that she is about to be subjected to discrimination in violation of sections 12182 and 12183.  On information and belief, Defendant California Rodeo Association, Inc., has continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters. Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title. [Emphasis added.]

85.    Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.  Plaintiff RENEE ALEKSICH is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds

26

for believing she will be subjected to such discrimination each time that she may use the property

and premises, or attempt to patronize the Salinas Sports Complex, in light of Defendant

California Rodeo Association, Inc.'s policies and physical premises barriers.

86.     WHEREFORE, Plaintiff requests relief as outlined below.

## **PRAYER FOR RELIEF**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this

Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the

unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless

Plaintiff is granted the relief she requests.  Plaintiff and Defendants have an actual controversy

and opposing legal positions as to Defendants' violations of the laws of the United States and the

State of California. The need for relief is critical because the rights at issue are paramount under

the laws of the United States and the State of California.

WHEREFORE, Plaintiff RENEE ALEKSICH prays for judgment and the following

specific relief against Defendants:

1.     Issue a preliminary and permanent injunction directing that Defendant City of

Salinas, as a current owners and operator, lessor and/or lessee of the subject premises, and

alternatively, as governmental agencies subject to Title II of the ADA, to modify the above

described facilities at the property and other non-conforming facilities and related described

facilities, and make appropriate policy changes, so that Plaintiff and similarly situated persons

with disabilities may obtain the benefits of, and access to, Defendants' "programs, services and

activities" in a "full and equal" manner as required by law; to properly *maintain* such accessible

facilities once they are provided; and to train their employees and agents in proper sensitivity to

and appropriate responses to the needs and rights of Plaintiff and other physically disabled

persons and take all reasonable steps to accommodate their needs, including but not limited to

warning all disabled members of the public of the lack of access they may face if they attempt to

visit or attempt to obtain public services at any portion of these premises;

2.     Issue a preliminary and permanent injunction directing Defendant California

Rodeo Association, Inc., as current owner, operator, lessor, and/or lessee of the subject property and premises to modify the above described property, premises, policies and related facilities to provide full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and state law directing Defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided; to cease any discriminatory policies; and to train Defendants' employees and agents in how to recognize disabled persons and accommodate their rights and needs;

3.     Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities and policies as complained of herein no longer occur, and cannot recur;

4.     Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages, and treble damages (except as to the public entity) in amounts within the jurisdiction of the Court, all according to proof;

5.     Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

6.     Award prejudgment interest pursuant to Civil Code § 3291; and

7.     Grant such other and further relief as this Court may deem just and proper.

Date: November 13, 2019                            REIN & CLEFTON

                                                          ___/s/ Aaron M. Clefton___
                                                          By AARON M. CLEFTON, Esq.
                                                          Attorney for Plaintiff
                                                          RENEE ALEKSICH

//

//

//

28

**JURY DEMAND**

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: November 13, 2019                          REIN & CLEFTON


                                                        */s/ Aaron M. Clefton*
                                                 By AARON M. CLEFTON, Esq.
                                                 Attorney for Plaintiff
                                                 RENEE ALEKSICH

29